UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

| | |
|---|---|
| ALEX WASHINGTON, | **COMPLAINT** |
| Plaintiff, | |
| | Index No.: |
| -against- | |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, ZUNXU TIAN, Individually, CHRISTIAN R. SPELLMAN, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

-------------------------------------------------------------------------------X

Plaintiff ALEX WASHINGTON, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### **VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff ALEX WASHINGTON is a forty-seven-year-old resident of the State of New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    Defendant ZUNXU TIAN was, at the relevant time, a police officer with the NYPD.

10.    Defendant CHRISTIAN R. SPELLMAN was, at the relevant time, a police officer with the NYPD.

11.    That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.     On August 27, 2022, plaintiff was in his home located at 40-14 12th Street, Queens, New York, with his two kids and the mother of his children.

15.     Plaintiff's children were asleep when NYPD Officers Zunxu Tian and Christian R. Spellman came to plaintiff's home and knocked on the door in response to a purported radio run.

16.     Plaintiff told the officers through the door that no one had called the police, and he did not need to open the door.

17.     Plaintiff's children were woken up by the banging on the door and were scared.

18.     NYPD Emergency Service Unit (hereinafter referred to as "ESU") personnel were called and spoke to plaintiff's children and mother of his children through the door.

19.     ESU attempted to gain entry, but plaintiff and the mother of his children still did not want to open the door.

20.     NYPD officers broke through the door with guns in their hands and dragged plaintiff out of his home.

21.     Plaintiff was arrested and was maliciously charged with obstructing government administration (hereinafter referred to as "OGA") in the second degree and was taken to the 107th Precinct.

22.     Plaintiff was maliciously arraigned and prosecuted for purported Obstruction of Governmental Interference based on false allegations conveyed to prosecutors by the defendants

3

officers after they knew that plaintiff and his family were within their rights to refuse to open their door under the frightening circumstances created by the defendants, and thus probable cause to prosecute plaintiff for OGA was simply not present.

23. The criminal prosecution levied against plaintiff based on the defendants false and/or fabricated and/or misleading allegations were dismissed and sealed on February 28, 2023.

24. Defendants JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

25. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff ALEX WASHINGTON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28. As a result of the foregoing, plaintiff ALEX WASHINGTON sustained, *inter alia*, deprivation of his constitutional rights, deprivation of his liberty, and emotional distress.

4

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Defendants initiated, commenced, and continued a malicious prosecution against plaintiff ALEX WASHINGTON.

31.     Defendants caused plaintiff ALEX WASHINGTON to be prosecuted without any probable cause until the charges were dismissed on or about August 28, 2022.

32.     As a result of the foregoing, plaintiff ALEX WASHINGTON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants created false evidence against plaintiff ALEX WASHINGTON

35.     Defendants utilized this false evidence against plaintiff ALEX WASHINGTON in legal proceedings.

36.     As a result of defendants' creation and use of false evidence, plaintiff ALEX WASHINGTON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

37.     As a result of the foregoing, plaintiff ALEX WASHINGTON is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants had an affirmative duty to intervene on behalf of plaintiff ALEX WASHINGTON, whose constitutional rights were being violated in their presence by other officers.

40.     The defendants failed to intervene to prevent the unlawful conduct described herein.

41.     As a result of the foregoing, plaintiff ALEX WASHINGTON was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

42.     As a result of the foregoing, plaintiff ALEX WASHINGTON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against defendant City of New York)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

45.     The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York Police Department included, but were not limited to, failing in their duty to investigate when known exculpatory information has triggered such a duty and as a result unlawfully arresting individuals, and then withholding evidence and otherwise engaging in falsification to justify said arrests, thereby depriving individuals of their right to a fair trial.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ALEX WASHINGTON'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff ALEX WASHINGTON.

47.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALEX WASHINGTON as alleged herein.

48.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALEX WASHINGTON as alleged herein.

49.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ALEX WASHINGTON was unlawfully seized, detained, incarcerated, and prosecuted.

50.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALEX WASHINGTON'S constitutional rights.

51.     All of the foregoing acts by defendants deprived plaintiff ALEX WASHINGTON of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest/unlawful imprisonment;

      B.     To be free from malicious prosecution;

      C.     To receive a fair trial; and

      E.     To be free from the failure to intervene.

52.     As a result of the foregoing, plaintiff ALEX WASHINGTON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A FIFTH CAUSE OF ACTION
(N.Y.C Administrative Code §§ 8-801 through 8-807)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Plaintiff ALEX WASHINGTON'S rights to be free from false arrest, malicious prosecution, right to fair trial, and failure to intervene were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

55.    The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

56.    Qualified immunity is no defense to this claim.

57.    As a result of the foregoing, plaintiff ALEX WASHINGTON is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff ALEX WASHINGTON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
February 27, 2026

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff ALEX WASHINGTON
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132

By:    _Brett Klein_____
BRETT H. KLEIN (BK4744)

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

ALEX WASHINGTON,

                                       Plaintiff,

        -against-

CITY OF NEW YORK, ZUNXU TIAN, Individually, CHRISTIAN
R. SPELLMAN, Individually, and JOHN and JANE DOE 1 through
10, Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                  Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132